FILED
JUL 17 2017
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Ronnie L. Bryant, )
 )
    Plaintiff, )
 )
v. ) Civil Action No. 17-1289 (UNA)
 )
District of Columbia *et al.*, )
 )
    Defendants. )

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a).

Plaintiff is "presently . . . detained at the Arlington County Detention Facility" in Arlington, Virginia. Compl. at 2. He sues the District of Columbia and four "John Doe" officers of the Metropolitan Police Department for false arrest and negligence, which plaintiff acknowledges are "common law tort[s.]" Compl. at 4. Plaintiff seeks $3 million in damages for "a false arrest, negligence and misconduct." *Id.* at 4.

Although plaintiff invokes 42 U.S.C. § 1983, he does not assert, and the alleged facts do not support, violations of the Constitution or federal law to state a claim under § 1983. In addition, plaintiff has not stated his citizenship and identified the individual defendants and their citizenship for purposes of establishing diversity jurisdiction, and "the District of Columbia, like a state, is not a citizen of a state (or of itself) for diversity purposes[.]" *Barwood, Inc. v. D.C.*, 202 F.3d 290, 292 (D.C. Cir. 2000) (citing *Long v. District of Columbia*, 820 F.2d 409, 414 (D.C. Cir. 1987)). Hence, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: July 13, 2017

United States District Judge